UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOSE ANGEL MORA VIELMA,

               Petitioner,

v.

KEVIN RAYCRAFT et al.,

               Respondents.
_____/

Case No. 1:26-cv-1980

Honorable Hala Y. Jarbou

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this action and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner from custody. (Pet., ECF No. 1, PageID.9)

In an order entered on July 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) On July 8, 2026, Respondents filed their response (ECF No. 5), and on July 9, 2026, Petitioner filed a reply (ECF No. 6).

## II.    Factual Background

This is Petitioner's third § 2241 petition before this Court. *See Mora Vielma v. Unknown Party*, No. 1:26-cv-1325 (W.D. Mich.) ("*Mora Vielma I*"); *Mora Vielma v. Raycraft*, No. 1:26-cv-1375 (W.D. Mich.) ("*Mora Vielma II*"). The Court has previously set forth the underlying facts as follows:

> Petitioner is a native and citizen of Venezuela. (Notice to Appear (NTA), ECF No. 1-1, PageID.20.) Petitioner entered the United States on May 17, 2023, at the Paso Del Norte Port of Entry in El Paso, Texas. (*Id.*) Petitioner was then paroled into the United States under 8 U.S.C. § 1182(d)(5)(A), until May 15, 2024. (*Id.*; Form I-94, ECF No. 6-3, PageID.72 (indicating that Petitioner's "Class of Admission" is "DT"1).)
>
> On March 2, 2026, ICE agents encountered and arrested Petitioner. (2026 Form I-213, ECF No. 6-4, PageID.75.) Petitioner was scheduled to appear before the Detroit Immigration Court for a master hearing on April 29, 2026.2 (Notice of Internet-Based Hearing, ECF No. 6-6, PageID.82.)
>
> On April 23, 2026, Petitioner filed a § 2241 petition challenging his detention without a bond hearing in *Mora Vielma v. Unknown Party*, 1:26-cv-1325 (W.D. Mich.). In *Mora Vielma*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's opinion and judgment or, in the alternative, immediately release Petitioner from custody. Op. & J., *Mora Vielma*, (W.D. Mich. May 7, 2026), (ECF Nos. 8, 9). On May 14, 2026, Petitioner received a bond hearing in the Detroit Immigration Court. Status Rep., *Mora Vielma*, (W.D. Mich. May 15, 2026), (ECF No. 10, PageID.124); Order Immigration Judge, *Mora Vielma*, (W.D. Mich. May 15, 2026), (ECF No. 10-1, PageID.126). Following the bond hearing, the Immigration Judge entered an order denying Petitioner's request for bond. Order Immigration Judge, *Mora Vielma*, (W.D. Mich. May 15, 2026), (ECF No. 10-1, PageID.126).

Op., *Mora Vielma II* (W.D. Mich. May 27, 2026) (ECF No. 8) (footnote omitted).

In *Mora Vielma II*, filed on April 27, 2026, while Petitioner's first petition was pending, Petitioner asked the Court to issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or to conduct a bond hearing under § 1226(a). *Id.* Because Petitioner subsequently received a bond hearing—the relief that he was requesting—the Court

2

dismissed Petitioner's § 2241 petition without prejudice. Op. & Jud., Op., *Mora Vielma II* (W.D. Mich. May 27, 2026) (ECF Nos. 8, 9).

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Discussion

In this action, as opposed to Petitioner's prior § 2241 petitions, Petitioner does not challenge his detention without bond. Instead, Petitioner challenges his detention, contending that his parole under 8 U.S.C. § 1182(d)(5)(A) was valid at the time of his March 2, 2026, arrest and that he was not provided with "proper review and notice" prior to the revocation of that parole. (Pet., ECF No. 1, PageID.3; Reply, ECF No. 6, PageID.50–52.)

The record before the Court indicates that Petitioner was paroled into the United States "for 1 year pending 240 proceedings" until May 2024. Op., *Mora Vielma II* (W.D. Mich. May 27, 2026) (ECF No. 8); (2026 Form I-213, ECF No. 1-1, PageID.17). Petitioner has not provided the Court with any evidence to suggest otherwise.

To terminate previously granted parole 8 U.S.C. § 1182(d)(5)(A), DHS must comply with the applicable regulatory and statutory requirements. *See Norfolk S. Ry. Co. v. U.S. Dep't of Lab.*, No. 21-3369, 2022 WL 17369438, at *6 (6th Cir. Dec. 2, 2022) (discussing that "an agency's action that fails to observe the procedures required by its own regulations should be set aside"

3

(citation omitted)); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004) ("It is an elemental principle of administrative law that agencies are bound to follow their own regulations[,] . . . [and] '[a]n agency's failure to follow its own regulations tends to cause unjust discrimination and deny adequate notice and consequently may result in a violation of an individual's constitutional right to due process.'" (additional internal quotation marks omitted) (quoting *Sameena, Inc. v. U.S. Air Force*, 147 F.3d 1148, 1153 (9th Cir. 1998))). 8 C.F.R. § 212.5(e)(2)(i), which governs the "[t]ermination of parole," states:

> In cases not covered by paragraph (e)(1) of this section, upon accomplishment of the purpose for which parole was authorized or when in the opinion of one of the officials listed in paragraph (a) of this section, neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States, parole shall be terminated upon written notice to the alien and he or she shall be restored to the status that he or she had at the time of parole.

8 C.F.R. § 212.5(e)(2)(i). *v. Raycraft*, No. 25-13202, 2025 WL 3022294, at *5–7 (E.D. Mich. Oct. 29, 2025) (same); *E.V. v. Raycraft*, No. 4:25-cv-2069, 2025 WL 2938594, at *10 (N.D. Ohio Oct. 16, 2025) (same).

> However, "paragraph (e)(1)" provides for the automatic termination of parole as follows:
>
> Parole shall be automatically terminated without written notice
>
> (i) upon the departure from the United States of the alien, or,
>
> (ii) if not departed, at the expiration of the time for which parole was authorized, and in the latter case the alien shall be processed in accordance with paragraph (e)(2) of this section except that no written notice shall be required.

8 C.F.R. § 212.5(e)(1). Here, "the time for which parole was authorized" expired prior to Petitioner's arrest. Therefore, the "procedural protections attendant to [the revocation of § 1182(d)(5)(A) parole]," including "written notice," did not apply at the time of Petitioner's arrest and detention. Accordingly, the Court will deny Petitioner's § 2241 without prejudice.

4

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated: July 16, 2026                          /s/ Hala Y. Jarbou
                                              HALA Y. JARBOU
                                              CHIEF UNITED STATES DISTRICT JUDGE